Larry MACE, Individually as Trustee of the Larry Mace Family Trust Dated May 31, 2006, et al., Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC, a California Limited Liability Company, et al., Defendants.

No. C 16–5840 CW

United States District Court, N.D. California.

Signed May 16, 2017

Brian Kelly Ross, Law Offices of Brian K. Ross, Dublin, CA, for Plaintiffs.

Yaron Shaham, Brian Andrew Paino, Dhruv Mohan Sharma, McGlinchey Stafford, Irvine, CA, for Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING EXTENSION OF TIME

CLAUDIA WILKEN, United States District Judge

Defendant Ocwen Loan Servicing, LLC, has filed a motion for summary judgment, or, alternatively, partial summary judgment. Defendant Western Progressive, LLC has not joined the motion. Plaintiffs Larry Mace and Sharon Mace oppose the motion. After considering the parties' papers, the Court denies Ocwen's motion for summary judgment. The Court also rules on the parties' evidentiary objections, requests for extension of time and requests for judicial notice as set forth below.

### BACKGROUND

#### I. Factual Background

Plaintiffs Sharon Mace and Larry Mace, as trustees of the Larry Mace Family Trust, own a personal residence located at 247 Poplar Avenue in Hayward, California. Mace Decl. ¶ 2.[1] On or about April 25, 2006, Plaintiffs obtained a mortgage loan from Argent Mortgage Company, LLC in the original principal sum of $688,500, which was reflected in a promissory note secured by a deed of trust encumbering the property. Mace Decl. ¶ 3; Ocwen's Request for Judicial Notice (Ocwen RJN) Ex. 1. The note was thereafter assigned to the current holder, Deutsche Bank National Trust Company. Ocwen RJN Exs. 2 & 3. Ocwen acts as mortgage servicer. Com-

plaint ¶ 2; see generally Declaration of Gina Feezer.

On October 28, 2015, Plaintiffs submitted their first loan modification application to Ocwen. Mace Decl. ¶ 5. Ocwen acknowledged receipt of the application on November 2, 2015. Feezer Decl. ¶ 5 & Ex. A. By separate letter on the same day, Ocwen informed Plaintiffs that it was not able to complete its evaluation because Plaintiffs had not submitted all the required documents. Id. ¶ 5 & Ex. B at 1–2. Ocwen provided a list of eight items of additional information that Plaintiffs should submit, including a three-month profit and loss statement for business income reflected in Mr. Mace's tax returns. Id. Plaintiffs provided Ocwen with at least some of the requested documents. Id. ¶ 6.

On December 3, 2015, Ocwen sent Plaintiffs a letter notifying them that it needed additional information regarding the profit and loss statement that Plaintiffs had provided. Id. ¶ 6 & Ex. C at 2. Plaintiffs submitted additional documents on or about March 4, 2016. Id. ¶ 7.

On March 9, 2016, Ocwen sent Plaintiffs a letter requesting yet more information, listing five items that appear to differ, at least in part, from those requested in the prior letters. Id. ¶ 7 & Ex. D at 3. Some of the items listed in the March 9 letter are conditional, for example, "Any other documentation requested during our review of your loan based on investor or program guidelines." Id. Plaintiffs submitted some additional documents. Id. ¶ 8.

On March 23, 2016, Ocwen again wrote to Plaintiffs to require additional informa-

---

1. Plaintiffs Sharon Mace and Larry Mace each submitted a declaration in opposition to Ocwen's summary judgment motion. See Declaration of Sharon Mace (S. Mace Decl.); Declaration of Larry Mace (L. Mace Decl.). The declarations are substantially identical except for the references each Plaintiff makes

to the other and Mr. Mace's omission of any of the exhibits mentioned in his declaration. When referring to facts supported by the same paragraph in both declarations, the Court cites the declarations collectively in this order as Mace Decl.

tion. Id. ¶ 8 & Ex. E. The list of required documents differed from that sent on March 9, 2016. Plaintiffs submitted additional information to Ocwen on April 26, 2016. Mace Decl. ¶ 5 & Ex. 10.

Meanwhile, on April 8, 2016, Defendants recorded a notice of default in Alameda County, California, alleging that Plaintiffs had failed to make the payments required by the deed of trust. Id. ¶ 4 & Ex. 1.

On August 25, 2016, Defendants recorded a notice of trustee's sale in Alameda, California based upon the unpaid mortgage obligation balance. Id. ¶ 6 & Ex. 2.

During a September 2, 2016 telephone call, an Escalation Manager for Ocwen told Plaintiffs' counsel that if Plaintiffs submitted an updated loan modification application before the date of the scheduled foreclosure sale, the sale would be postponed while the application was pending. Declaration of Brian K. Ross ¶ 2.

On or around September 8, 2016, Ocwen sent Plaintiffs a letter notifying them that their October 28, 2015 loan modification application was complete and denying the application. Mace Decl. ¶¶ 5, 8 & Ex. 4; Feezer Decl. ¶ 11 & Ex. F.

As suggested by Ocwen's Escalation Manager, Plaintiffs also submitted a second loan modification application on September 9, 2016. Mace Decl. ¶ 7; Feezer Decl. ¶ 12. On September 16, 2016, Ocwen acknowledged receipt of the September 9, 2016 application. Mace Decl. ¶ 9 & Ex. 5; Feezer Decl. ¶ 13 & Ex. G. On September 20, 2016, Ocwen sent Plaintiffs a letter stating that the September 16, 2016 loan modification application was complete and that Ocwen was not able to offer Plaintiffs a loan modification. Mace Decl. ¶ 9 & Ex. 6; Feezer Decl. ¶ 14 & Ex. H.

## II. Procedural Background

On September 14, 2016, Plaintiffs filed the Complaint in this case in Alameda County Superior Court, alleging a claim for violation of the California Homeowner Bill of Rights (HBOR), California Civil Code section 2920, et seq., and seeking declaratory and injunctive relief. On September 20, 2016, the superior court granted Plaintiffs' ex parte application for a temporary restraining order. On September 27, 2016, Plaintiffs filed a motion for preliminary injunction. On September 28, 2016, Defendants were served with the Complaint. On October 5, 2016, Defendant Western Progressive filed a declaration of nonmonetary status pursuant to California Civil Code section 2924l. On October 11, 2016, Defendants removed the case to this Court.

On October 13, 2016, Ocwen answered the Complaint. On December 29, 2016, this Court denied Ocwen's motion for judgment on the pleadings and granted Plaintiffs' motion for a preliminary injunction. The Court enjoined Defendants and anyone acting in concert with them "from taking any further action in pursuit of a foreclosure sale of" the subject property. Order at 10–11. The Court conditioned this order upon Plaintiffs making monthly payments of $2500 per month, an amount similar to their most recent monthly payment on their mortgage. Id. Plaintiffs have complied with the Court's order to make these monthly payments. Mace Decl. ¶ 13.

Following entry of the preliminary injunction, Defendants have continued to notice (and repeatedly postpone) the foreclosure sale of the subject property, with the result that Plaintiffs allegedly have been "badgered and harassed by realtors and other potential purchasers" of their home despite the preliminary injunction. Id. ¶ 12 & Ex. 9. Ocwen has not, however, foreclosed on the home or sold the home at a trustee's sale. Feezer Decl. ¶ 15.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of

material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288–89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324, 106 S.Ct. 2548; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

■ Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods:

The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

■ If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

■ If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

■ If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

## DISCUSSION

I. Evidentiary objections and requests for judicial notice

The Court grants Ocwen's April 3, 2017 request for judicial notice of five docu-

ments recorded in Alameda County. See Fed. R. Evid. 201. However, the Court sustains Plaintiffs' objection to two disputed paragraphs in Exhibit 4 to the request for judicial notice. The Court does not take judicial notice of the truth of reasonably disputed matters set forth in public records, such as a party's statement that it exercised due diligence. See Fed. R. Evid. 201(b).

The Court denies as unnecessary Plaintiffs' request for judicial notice of two documents that are part of the record in this case. See Notice of Removal Exs. 2 & 7.

The Court overrules as moot Ocwen's objections to the Ross Declaration because the Court does not rely on the disputed exhibits to that declaration.

The Court sustains Ocwen's objections to the Declaration of Larry Mace based on Mr. Mace's failure to attach any exhibits. However, Ocwen has not objected to the exhibits attached to the Declaration of Sharon Mace. Citations in this order to exhibits to the Mace Declarations refer to the exhibits to the Declaration of Sharon Mace.

The Court sustains Ocwen's objections to Plaintiffs' Supplemental Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment. The Court strikes the Supplemental Memorandum and has not considered it in ruling on the summary judgment motion.

## II. California Civil Code section 2923.6

### A. Completeness

▮ Plaintiffs claim that Defendants violated the HBOR's prohibition on "dual-tracking," the practice of a mortgage servicer continuing to pursue foreclosure of a property while a complete loan modification application is pending. See Cal. Civ. Code ¶ 2923.6(c). Ocwen argues that the undisputed material facts do not support Plaintiffs' HBOR claim because Plaintiffs had not submitted a complete loan modification application at the time that Defendants proceeded with a non-judicial foreclosure process.

Section 2923.6(c) protects a borrower who "submits a complete application for a first lien loan modification." Cal. Civ. Code § 2923.6(c). The statute provides, "For purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

Ocwen's position is that Plaintiffs' October 28, 2015 loan modification application was not complete until Ocwen notified them that it deemed the application complete on September 8, 2016. Feezer Decl. ¶ 9–11 & Ex. F. In other words, Ocwen contends that the determination of when an application is "complete" does not depend on when the borrower submits the last documentation in support of the application but, rather, is left to the after-the-fact discretion of the servicer. Ocwen cites no case law in support of this position, but asserts that it is supported by the plain language of section 2923.6.

Section 2923.6(h) does not support Ocwen's position. The statute defines completeness by when the borrower has supplied the required documents to the mortgage servicer, not when the mortgage servicer completes its review and acknowledges that no further documents are required. The statutory language does not permit a mortgage servicer to create a moving target so borrowers have no way of knowing whether a loan modification application is complete until the mortgage servicer tells them so. Far less does it permit a mortgage servicer to delay its determination of completeness and conduct foreclosure proceedings while the

application awaits review. Rather, the clear implication of section 2923.6(h) is that a mortgage servicer must tell the borrowers in advance what documents are required and specify "reasonable timeframes" for the submission of those documents. Cal. Civ. Code § 2923.6(h). If the "borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer," then the application is complete. Id.

Plaintiffs have submitted declarations that they sent Ocwen a final submission of additional material on April 26, 2016, and that Ocwen did not require any further information from them before it deemed their applications complete on September 8, 2016. Mace Decl. ¶ 5 & Ex. 10. Ocwen does not mention that Plaintiffs submitted any information at all between its March 23, 2016 and September 8, 2016 letters, but it does not dispute that Plaintiffs submitted information on April 26, 2016.

The evidence submitted by Plaintiffs raises a genuine issue of material fact supporting their claim that their application was complete before Ocwen recorded a notice of trustee's sale on August 25, 2016. The Court therefore denies Ocwen's motion for summary judgment on this basis. The Court does not reach the question, inadequately briefed by the parties, of whether Plaintiffs' application was complete on April 26, 2016 or at an earlier date on which Plaintiffs had timely submitted all the information originally required by Ocwen for the loan modification application.

### B. Materiality

Ocwen further argues that any HBOR violation was not "material," as required by California Civil Code section 2924.12(a), because Ocwen eventually considered and denied both of Plaintiffs' loan modification applications, and also provided two loan modification offers during the pendency of this lawsuit. Motion at 7. These arguments relate more to mootness than to materiality. In any case, Ocwen has not shown that its denial letters complied with California Civil Code section 2923.6(f), so it is not clear that Plaintiffs have received all available relief under the HBOR. The Court therefore rejects this argument for summary judgment.

Additionally, Ocwen argues that any violation was not material because Plaintiffs were not legally entitled to a loan modification. See Cal. Civ. Code § 2923.4(a) (providing that borrowers have a right to be considered for loss mitigation options, but not for any "particular result of that process"). However, Plaintiffs' entitlement to a loan modification is irrelevant to their HBOR claims, which allege a procedural dual tracking violation rather than the wrongful denial of a loan modification. The Court therefore denies Ocwen's motion for summary judgment on this basis.

The Court does not reach Plaintiffs' additional arguments in opposition to the summary judgment motion, including the parties' disputes regarding whether Ocwen considered Plaintiffs' loan modification applications in good faith and whether Ocwen has violated this Court's preliminary injunction.

### III. Declaratory and injunctive relief

Ocwen argues that Plaintiffs' claims for declaratory and injunctive relief fail because they seek only remedies and do not constitute independent theories of recovery. Plaintiffs do not dispute that declaratory and injunctive relief are remedies, not independent claims. Because the Court denies summary judgment on Plaintiffs' underlying HBOR claim, it also denies summary judgment on Plaintiffs' claims for the

remedies of declaratory and injunctive relief.

## IV. Plaintiffs' letters seeking extension of time

On April 13, 2017, Plaintiffs filed two duplicative letters seeking an extension of time to oppose the summary judgment motion. The letters do not comply with this Court's Civil Local Rules. See N.D. Cal. Civil L.R. 6 (governing extensions of time). Additionally, Plaintiffs' request for an extension of time is moot because Plaintiffs timely opposed Ocwen's motion for summary judgment. Accordingly, the Court denies any relief sought by the letters.

### CONCLUSION

For the reasons set forth above, the Court DENIES Ocwen's motion for summary judgment (Docket No. 45).

Additionally, the Court DENIES any relief sought by Plaintiffs' letters filed April 13, 2017 (Docket Nos. 49 and 50).

The Court GRANTS Ocwen's request for judicial notice (Docket No. 46) but sustains Plaintiffs' objection (Docket No. 54) to portions of Exhibit 4 and does not take judicial notice of the truth of the disputed matters set forth in the public records. The Court DENIES AS UNNECESSARY Plaintiffs' request for judicial notice (Docket No. 53).

The Court sustains in part and overrules in part the evidentiary objections contained in Ocwen's reply brief (Docket No. 57) as set forth in Discussion section I above.

The Court sustains Ocwen's objections (Docket No. 60) to Plaintiffs' Supplemental Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment. The Court STRIKES the supplemental memorandum (Docket No. 59) and has not considered it in ruling on the summary judgment motion.

The initial case management conference remains scheduled for June 20, 2017 at 2:30 p.m.

IT IS SO ORDERED.